JAMES ABEL, L. L. FOLSOM, CHARLOTTE A. FOLSOM, DEAN PERKINS, EMMA PERKINS and E. B. PETERS, Respondents, v. ROBERT NOBLE ESTATE, a Corporation, Appellant.

[252 Pac. 493.]

APPEAL AND ERROR — SERVICE ON ADVERSE PARTIES JURISDICTIONAL — STIPULATION NOT WAIVER OF NOTICE.

1. Supreme court is without jurisdiction of appeal, where notice of appeal was not served on all adverse parties who might be prejudicially affected by reversal of judgment, irrespective of whether default was permitted to be entered.

2. Where, in suit to quiet title, defendant brought in as cross-defendants plaintiff's grantors, and, after judgment in favor of plaintiff and cross-defendants, did not serve notice of appeal on those grantors who defaulted, the supreme court is without jurisdiction on appeal, since plaintiff had not released such cross-defendants from liability on unqualified warranty deeds, and they were such adverse parties as might be prejudicially affected by reversal.

3. Stipulation of counsel providing for consolidation of appeal from judgment and from order overruling motion for new trial did not constitute waiver of notice of appeal to any of respondents or cross-defendants.

APPEALS from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Motion to dismiss appeals. *Granted.*

J. B. Eldridge and Barber & Barber, for Respondents.

Since it nowhere appears that Abel ever relieved Peters and Perkins of liability upon the warranties of their deeds, certainly they are adverse parties in that if appellant should succeed in its contention that these grantors had no interest to convey they would then incur a very positive liability to respondent Abel. (*Johnston v. Bronson,* 19 Ida. 457, 114 Pac. 5.)

That default had been entered against Peters and Perkins is not controlling. (*Diamond Bank v. Van Meter,* 18 Ida. 243, 108 Pac. 1042; *Bannock Nat. Bank v. Automobile Acc. Co.,* 36 Ida. 527, 212 Pac. 864; *Lind v. Lambert,* 40 Ida. 569, 236 Pac. 121; *Berlin Mach. Works v. Bradford-Kennedy Co.,* 21 Ida. 669, 123 Pac. 637.)

Publisher's Note.

1. See 2 R. C. L. 109.

See Appeal and Error, 3 C. J., sec. 1319, p. 1216, n. 99; sec. 1320, p. 1218, n. 9; p. 1220, n. 13; sec. 1335, p. 1230, n. 86; sec. 1341, p. 1238, n. 53; sec. 1343, p. 1240, n. 66.

J. F. Colvin and Jas. S. Bogart, for Appellant.

"Where default is entered and the rights of the defendant cannot be prejudicially affected by further proceedings in the case, he is not entitled to any notice of such further proceedings." (*Bannock Nat. Bank v. Automobile Acc. Co.,* 36 Ida. 527, 212 Pac. 864; *Lind v. Lambert,* 40 Ida. 569, 236 Pac. 121.)

BUDGE, J.—In its inception this was a case brought by James Abel against the Robert Noble Estate to quiet title to certain lots in Boise City. In its answer Robert Noble Estate prayed that the Folsoms, Perkinses and Peters be brought in as cross-defendants, alleging that Abel's title was wrongfully deraigned through them and in fraud of defendant's rights. They were accordingly brought in as parties.

The facts, as they appear from the record and the briefs of counsel, are hardly in dispute, so far as material to the consideration of this motion. The Folsoms and Perkinses, as owners of the property in question, in 1909 entered into a contract of sale with Robert Noble. Upon his death several years later his interest in this contract was taken over by the defendant corporation. The lower court found that defendant corporation defaulted on the contract. In 1922 the Folsoms and Perkins by warranty deed conveyed the property to Peters, who conveyed it to Abel, also by warranty deed. Perkins and Peters did not appear at the trial and their default was entered.

The lower court found in favor of plaintiff and cross-defendants. Defendant appealed both from the judgment and order overruling motion for new trial.

[1] The ground of respondents' motion to dismiss the appeals is that notice of appeal was not served on respondents Dean Perkins and E. B. Peters, alleged to be adverse parties. It has often been held by this court that all are adverse parties who might be prejudicially affected by a reversal of the judgment, irrespective of whether one or

more of such parties may have permitted default to be entered, and that in the absence of notice of appeal served upon such parties this court is without jurisdiction. Applying that test to the facts of this case, it is quite obvious that if the judgment of the lower court were reversed and the title of Abel thereby impaired, the respondents Dean Perkins and E. B. Peters would be severally liable to Abel upon their covenants of warranty, and prejudicially affected by such reversal to that extent.

[2] Appellant in its brief quotes at length from Abel's answer to defendant's cross-complaint in support of its contention that "respondent Abel assumed the burden of clearing his title and relieved Perkins and Peters of any connection therewith," and also cites certain testimony found in the record, none of which supports appellant's contention. It does not appear that Abel ever released Perkins and Peters from liability on their unqualified warranty deeds.

[3] Appellant contends that a certain stipulation of counsel, which is set forth in full, estops respondents from raising any question as to the sufficiency of the notice of appeal. The effect of this stipulation was simply to provide for the consolidation of both appeals, in case the motion for a new trial then pending should be overruled; that the lodgment of the transcript in the supreme court might await the determination of such motion, and that both appeals "shall be considered as one case in the supreme court." It does not appear that the purpose of this stipulation was to waive notice of appeal to any of the respondents, even if it were possible thereby to waive jurisdiction.

From what has been said it follows that the appeals must be dismissed, and it is so ordered.

Givens, Taylor and T. Bailey Lee, JJ., concur.